KEKER & VAN NEST LLP
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
RACHAEL E. MENY - #178514
rmeny@kvn.com
ZACHARY F. BOOKMAN - #257284
zbookman@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
TRE MAIALI FASHION GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TRE MAIALI FASHION GROUP, INC., a Canadian corporation,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>AFFLICTION, INC., *et al.*,<br><br>　　　　　　　Defendants. | Case No. SACV10-00299 CJC (RNBx)<br><br>**[PROPOSED] PROTECTIVE ORDER** |

///

///

///

Upon agreement of the parties to this action and in accordance with the Federal Rules of Civil Procedure, the Court enters this Protective Order to facilitate the production and exchange of information and documents that are subject to legal protection as confidential, private, trade secret, or proprietary information.

## PROTECTIVE ORDER

## APPLICABILITY

1. Confidential Information (as hereinafter defined) refers to any information that is conveyed by any party or non-party in connection with this litigation, which shall be used solely for the purposes of this lawsuit and for no other purpose. The restrictions herein shall apply to any information that incorporates, summarizes, refers to, or contains Confidential Information.

## CATEGORIES AND LIMITATIONS

2. A conveying party shall designate any information as "CONFIDENTIAL" that a party or non-party claims, in good faith, constitutes or contains financial, business, or trade secret information of a proprietary, confidential, or commercially sensitive nature, or constitutes or contains information invasive of an individual's legitimate privacy concerns. Confidential Information includes:

(a) Information set forth in response to discovery requests, provided that prior to disclosure to the receiving party through its counsel, the responses are unobtrusively marked by the conveying party with the following legend:

CONFIDENTIAL

Subject to Protective Order

(b) Information set forth in documents produced in response to a request for production or a subpoena, provided that, prior to or at the time of production to the receiving party through its counsel, the conveying party designates such documents as Confidential Information or marks copies of such

1

documents with a legend as set forth in subparagraph (a) above;

(c) Information contained in files produced for inspection and copying where the conveying party which produces documents from its files for inspection and for copying requires in an advance writing that, during the course of inspection, such documents can only be reviewed by persons authorized to receive Confidential Information pursuant to Paragraph 4 of this Order. Any copies, reproductions, summaries, excerpts, compilations, notes, or information obtained or generated by such reviewers during the course of production shall be marked, and treated, as Confidential Information designed for access only as contemplated by Paragraph 4;

(d) Information disclosed during depositions, provided that counsel, the witness or the party whose Confidential Information is to be or was disclosed, states on the record at the deposition what is to be treated as Confidential Information. Additionally, a party or non-party may designate such Confidential Information in writing within thirty (30) days of the completion of the transcript of such deposition (as certified by the court reporter). If the designation is made at the deposition, the designated portions of the deposition shall be appropriately labeled by the court reporter and/or videographer. If the designation is made after the court reporter has prepared the transcript, then each counsel for the parties shall be responsible for marking the designated material in all previously unmarked copies of transcripts with a legend as set forth in subparagraph (a) above. Prior to the expiration of such thirty (30) day period, all information disclosed during depositions shall constitute Confidential Information, unless otherwise agreed by the parties and the witnesses, or ordered by the Court;

(e) Any other information conveyed by the conveying party to the receiving party directly or through its counsel that the conveying party claims in good faith meets the requirements of Paragraph 2 provided that, prior to disclosure to the receiving party through its counsel, the information, if in written or other

tangible form, is marked by the conveying party with one of the legends set forth in subparagraph (a) above, and if in oral or other intangible form, is identified orally as Confidential Information to the receiving party before the information is provided to the receiving party and is identified as Confidential in a confirming letter that is sent to the receiving party within fifteen (15) days after disclosure;

(f) Information that a party claims, in good faith, to be its financial or other business or trade secret information of a proprietary, confidential, or commercially sensitive nature, or information invasive of an individual's legitimate privacy interests, provided that the conveying party originally received the Confidential Information in question from the party seeking the designation. Such designation shall be made by giving written notice to all parties to this action. All parties shall then mark the designated documents with a legend as set forth in subparagraph (a) above; and

(g) Copies, reproductions, notes, summaries, excerpts, and compilations referring to any information set forth in subsections (a) through (e) inclusive, above.

3. If any information that a conveying party claims in good faith is Confidential Information is mistakenly or inadvertently disclosed to a receiving party without being properly designated as Confidential Information, the conveying party may notify each receiving party that such Confidential Information was inadvertently not designated and should be designated as Confidential Information. Such written notice shall identify with specificity the information or documents that the conveying party is designating to be Confidential Information. If the conveying party gives such written notice as provided above, its claims of confidentiality shall not be deemed to have been waived by its failure to designate properly the information as Confidential Information prior to disclosure. Documents and materials so designated shall be fully subject to this Protective Order and treated thereafter according to the new or

corrected designation.  A receiving party, however, shall incur no liability for disclosures made prior to notice of such designation.

  4. Any Confidential Information designated "CONFIDENTIAL" shall not be disclosed to any person or entity other than:

   (a) The Court and its staff, any jury that is impaneled, as well as any mediator or settlement judge that may be retained by the parties;

   (b) Trial counsel of record and employees of such counsel of record (such as paralegals, clerks, secretaries, associates, and partners) actively engaged in this litigation;

   (c) Consultants or experts who are retained by any party or its trial counsel to furnish services in connection with this action provided the requirements of paragraph (6) of this Order are met;

   (d) Professional vendors who are retained by any party or its trial counsel to provide litigation support services (e.g., photocopying, preparation of demonstrative exhibits, etc.) and their employees and subcontractors, provided the requirements of paragraph (6) of this Order are met;

   (e) Officers, directors, or employees of the parties to this litigation, who are actively engaged in assisting and/or advising trial counsel, in-house counsel, or outside counsel regarding the conduct of this litigation, provided the requirements of paragraph (6) of this Order are met;

   (f) Certified court reporters and necessary support personnel of such court reporters retained in connection with depositions taken by any party in this litigation to the extent necessary to transcribe the deposition testimony and identify exhibits marked in the course of the deposition, provided the requirements of paragraph (6) of this Order are met; and

   (g) Deposition witnesses who are identified on the face of a document as the original authors or recipients of the Confidential Information; and

   (h) Deposition witnesses who are officers, directors, or employees

1   of the Producing Party.

2        5.     If a Party wishes to disclose any Confidential Information to any person not described in paragraph 4(a)-(h) above, permission to so disclose must be requested from the Producing Party or Designating Party in writing. If the Producing Party or Designating Party objects to the proposed disclosure, no such disclosure shall be made unless, upon motion by the Party requesting such permission, this Court orders otherwise. However, each Party may disclose its own Confidential Information without regard to this Protective Order, with such disclosure not constituting a waiver of confidentiality.

       6.     Before any person identified in paragraphs 4(c)-(f) hereof receives a party's Confidential Information, such person shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the annexed ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND (Exhibit A) that he or she has read the Protective Order, understands it, and agrees to be bound by its terms, including without limitation the obligation to protect Confidential Information from discovery by unauthorized co-employees and third persons.

## GENERAL PROVISIONS

       7.     Any person receiving Confidential Information pursuant to this Protective Order shall not disclose such Confidential Information to any person to whom disclosure is not authorized by the express terms of this Protective Order, and shall not make any other disclosure of such Confidential Information for any purpose whatsoever, commercial or otherwise. Confidential Information shall not be used by any receiving person or party except in connection with the conduct of this litigation. Use by any person of Confidential Information for any purpose other than the conduct of this litigation shall be a violation of this Protective Order.

       8.     Any person receiving Confidential Information pursuant to this Protective Order shall maintain such Confidential Information in a secure and safe

5
[PROPOSED] PROTECTIVE ORDER
CASE NO. SACV10 00299 CJC

556924.01

1  area, and the recipient shall exercise all reasonable standards of due and proper
2  care with respect to the storage, custody, and use of such Confidential Information
3  so that it is not further disclosed or used, either intentionally or inadvertently, in
4  any manner inconsistent with this Protective Order.  This paragraph does not apply
5  to the Court or court personnel, who are subject only to the Court's internal
6  procedures regarding the handling of material filed or lodged under seal.
7       9.    Any person receiving Confidential Information pursuant to this
8  Protective Order shall agree to subject himself or herself personally to the
9  jurisdiction of the Court in which this litigation is pending for the purpose of
10 proceedings relating to the performance under, compliance with, or violation of
11 this Protective Order.  This paragraph does not apply to the Court or court
12 personnel, who are subject only to the Court's internal procedures regarding the
13 handling of material filed or lodged under seal.
14      10.   A party shall not be obligated to challenge the propriety of
15 Information designated "CONFIDENTIAL" at the time the designation is made,
16 and failure to do so shall not preclude a subsequent challenge thereto.  In the event
17 that any party to this litigation disagrees at any stage of these proceedings with
18 such designation, such party shall provide to the designating party written notice of
19 its disagreement with the designation.  The designating party or its counsel shall
20 thereafter respond to the objection in writing within ten (10) calendar days of its
21 receipt of such written objection by either (i) agreeing to remove the designation or
22 (ii) stating the reasons why the designation was made.  The parties shall try to
23 resolve such dispute in good faith.  If the dispute cannot be resolved, the party
24 challenging the designation may request appropriate relief from the Court by
25 means of a motion in strict compliance with Local Rules 37-1 and 37-2 (including
26 the Joint Stipulation requirement).  The burden of proving that Information has
27 been properly designated as "CONFIDENTIAL" is on the party making such
28 designation.  Pending the resolution of the disputed designation, the material(s)

at issue shall continue to be treated in accordance with the supplying party's designation of the material as "confidential" unless and until differing treatment is directed pursuant to order of the Court.

11. Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Confidential Information, provided that the Confidential Information itself shall not be disclosed except according to the terms of this Protective Order.

12. This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure or any applicable local rules or orders of the Court.

13. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

14. This Protective Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Information.

15. The Parties and any other person subject to the terms of this Protective Order agree that this Court has and retains jurisdiction during and after the termination of this action for the purpose of enforcing this Protective Order. The provisions of this Protective Order shall, absent written permission of the relevant Producing Party or Designating Party or further order of this Court, survive the

556924.01

conclusion of this action, including without limitation any appeals therefrom.

16. Within sixty (60) days after the termination of this litigation, including any appeals therefrom, the originals and all copies of documents containing Confidential Information shall, at the direction of the respective conveying or designating parties, be destroyed or turned over to said Parties, to the extent allowed by applicable laws, regulations, and re-insurance requirements. Notwithstanding this provision, trial counsel of record for any Party in this litigation are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product. Any such archival copy shall remain subject to this Protective Order as set forth above in Paragraph 16.

17. In the event that additional persons become Parties to this action, they shall not have access to Confidential Information so designated in this action until the newly joined Party or its counsel of record confirms in writing that it agrees to be bound by the terms of this Protective Order.

18. Inadvertent production of privileged material shall not constitute a waiver of any applicable privilege against discovery. In the event that a conveying or designating Party provides written notice that privileged information has been inadvertently produced, all receiving parties shall destroy or return all copies of the documents containing the privileged information to the conveying or designating Party within ten days of receiving the written notice. In the event, however, that the receiving party disputes the privileged status of the document, the receiving party shall sequester from use and review all copies of the identified document containing the allegedly privileged information. The parties shall meet and confer within five business days thereafter to seek to resolve any disputes concerning whether the document is privileged. If, by the end of that five business day period, the receiving party does not agree to return or destroy copies of the allegedly privileged document, the conveying or designating Party may file a motion to

compel the return of the allegedly privileged document(s).  Any such motion must comply with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).  During the period that the motion is being resolved by the court, the document shall remain sequestered.

19. If Confidential Information in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall (i) within ten business days after receipt thereof, give written notice by hand or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing party; (ii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (iii) not make production or disclosure of such Confidential Information until the producing party consents in writing to production, production or disclosure is required to obey a lawful and valid subpoena, or the receiving party is ordered by a court of competent jurisdiction to produce or disclose such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.  However, nothing contained in this Protective Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**IT IS SO ORDERED.**

Dated:  June 3, 2011

_____
JUDGE ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM**:

Dated: June __, 2011  KEKER & VAN NEST LLP

By: _____
CHRISTA M. ANDERSON
Attorneys for Plaintiffs
TRE MAIALI FASHION GROUP, INC.

Dated: June __, 2011

By: _____
MICHAEL BASSIRI, ESQ.
Attorneys for Defendants
AFFLICTION, INC. AND XTREME COUTURE. INC.

# EXHIBIT A

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

I _____, declare that:

1. My address is _____.

2. I am employed by _____ as _____.

3. I have received a copy of the Stipulated Protective Order entered by this Court in this litigation. I have read and understand the Stipulated Protective Order and I agree that I shall be bound by its prohibitions and restrictions. I agree with respect to all Confidential Information that is made available to me that I shall maintain it in strict confidence, I shall not disclose it to anyone except as authorized by the terms of this Stipulated Protective Order, and I shall use it only in connection with this litigation.

4. I further agree to submit to the jurisdiction of the United States District Court for the Central District Of California for the purposes of proceedings relating to my performance under, compliance with, or violation of, this Protective Order.

5. I understand that disclosure of Confidential Information in violation of this Protective Order may constitute contempt of court.

6. I declare under penalty of perjury that the foregoing is true and correct.

_____  _____
 [Printed Name/Date]   [Signature]